FILED
02/03/2023
Peg L. Allison
CLERK
Flathead County District Court
STATE OF MONTANA
By: Brittney Colacino
DV-15-2023-0000140-DT
Coffman, Danni
1.00

Torrance L. Coburn
TIPP COBURN & ASSOCIATES PC
Attorneys at Law
2200 Brooks St
P.O. Box 3778
Missoula, MT 59806-3778
Phone: (406) 549-5186
torrance@tcsattorneys.com

Attorneys for Plaintiff

**MONTANA ELEVENTH JUDICIAL DISTRICT COURT,
FLATHEAD COUNTY**

| ALEXANDRA P. PEARSON, | Case No.: _____ |
|---|---|
| Plaintiff, | Dept: _____ |
| vs. | |
| FORLOH, INC., | **COMPLAINT and DEMAND FOR JURY TRIAL** |
| Defendant. | |

COMES NOW the Plaintiff, Alexandra P. Pearson, by and through her counsel Torrance L. Coburn of TIPP COBURN & ASSOCIATES PC, and for her Complaint against the Defendant, alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Alexandra P. Pearson ("Pearson") at all times pertinent to this Complaint resided in the State of Montana, Flathead County.

2. Defendant FORLOH, Inc. ("FORLOH") is a Montana corporation, with its principal office located at 530 W. 19th St., Suite 200, Whitefish, Montana 59937.  The Defendant has been and continues to do business in Montana, and is authorized to do business in Montana.  The Defendant's registered agent is Benjamin Hammer, 100 Financial Drive, Suite 100, Kalispell, Montana 59904.

3. This action arises under Title VII of the Civil Rights Act of 1964, as amended, and the Montana Human Rights Act (Montana Code Annotated § 49-2-303 et seq.).

4. This Court is the proper venue for this matter because the Defendant transacts business in Flathead County and the events in question occurred in Flathead County.

## FACTS COMMON TO ALL CAUSES OF ACTION

5. The Plaintiff hereby incorporates by reference all statements and allegations contained herein.

6. The Plaintiff was employed by the Defendant as a Graphic Designer from March 2020 until March 28, 2022.

7. During the course of her employment with the Defendant, the Plaintiff was subjected to a sexually charged, harassing, and hostile work environment at the hands of the Defendant's supervisory personnel generally, and the Plaintiff's direct supervisor in particular. Examples of instances of the sexually charged, harassing, hostile work environment the Plaintiff was subjected to include, but are not limited to:

   i. The Plaintiff's direct supervisor making inappropriate sexual comments to the Plaintiff;

   ii. The Plaintiff's direct supervisor making inappropriate sexual comments to other employees of the Defendant (including other supervisory personnel of the Defendant) while the Plaintiff was present;

   iii. The Plaintiff's direct supervisor subjecting the Plaintiff to stories about the direct supervisor's sexual encounters;

   iv. The Plaintiff's direct supervisor and the Defendant's owner engaging in inappropriate and offensive conversations concerning female genitalia in the presence of the Plaintiff; and

        v.    The Plaintiff's direct supervisor texting the Charging Party two photographs of the supervisor's breasts.

8. The above-described harassment and hostile work environment the Plaintiff was subjected to was unwelcome.

9. The Defendant was aware of the harassing and sexually charged conduct and hostile work environment that the Plaintiff was subjected to; however, the Defendant failed to take adequate steps to address the situation and to prevent the Plaintiff from further being subjected to the same.

10. As a result of sexually charged, harassing, hostile work environment, the Plaintiff suffered significant emotional distress and dreaded coming to work, which in turn unreasonably interfered with the Plaintiff's work performance and deprived her of equal employment opportunities.

11. The above-described harassing conduct was so pervasive and/or severe that it altered the conditions of Plaintiff's employment and created an intimidating, hostile and/or offensive working environment that significantly affected the psychological well-being of the Plaintiff.

12. On March 28, 2022, the Defendant terminated the Plaintiff's employment. The Defendant's stated grounds for termination of the Plaintiff's employment was Plaintiff's unsatisfactory performance and attitude. Said performance and attitude were a direct result of the sexually charged, harassing, and hostile work environment that the Plaintiff was subjected to.

13. Prior to the above-described hostile work environment adversely affecting and interfering with the Plaintiff's work performance, the Plaintiff more than adequately performed the duties of her position as Graphic Designer.

14. In fact, the Defendant presented Plaintiff with the "Best of 2021" – FORLOH Unsung Company Hero Award on December 29, 2021.

15. The Plaintiff has been discriminated against in the area of employment because of her sex, in violation of the Montana Human Rights Act, and Title VII of the Civil Rights Act of 1964, as amended.

16. The Defendant is vicariously liable for the above-described discriminatory, harassing and unlawful conduct of its agent.

17. The actions of the Defendant and the agent of the Defendant constitute illegal discrimination under by the Montana Human Rights and Title VII of the Civil Rights Act of 1964, as amended.

18. As a result of the Defendant's above-described illegal discrimination, the Plaintiff has suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

19. The Plaintiff filed a charge of employment discrimination on the basis of her sex with the Montana Human Rights Bureau within 180 days of the alleged employment discrimination she suffered at the hands of the Defendant. The Plaintiff's charge of employment discrimination was filed as Montana Human Rights Bureau Case No. 0220394.

20. The Montana Human Commission issued its Final Agency Decision in HRB Case No. 0220394 on the 7th day of November, 2022.

21. The Plaintiff filed this Complaint within 90 days of the Montana Human Rights Final Agency Decision in in HRB Case No. 0220394.

22. The Plaintiff's Complaint filed herein is timely.

//

## COUNT ONE –
## DISCRIMINATION IN VIOLATION OF MONTANA HUMAN RIGHTS ACT

23. The Plaintiff realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

24. At all times pertinent to this Complaint, the Plaintiff was an employee within the meaning of the Montana Human Rights Act.

25. At all times pertinent to this Complaint, the Defendant was an employer within the meaning of the Montana Human Rights Act.

26. As described above, during the course of her employment with the Defendant, the Plaintiff was subjected to a sexually charged, harassing, and hostile work environment.

27. As Plaintiff's employer, the Defendant had a duty to respond promptly, reasonably, and effectively upon gaining awareness of this sexual harassment and hostile work environment.

28. Defendant failed in its above-described duty to respond promptly, reasonably, or effectively.

29. The Defendant's above-described acts and omissions constitute illegal discrimination in violation of the Montana Human Rights Act.

30. As a result of the Defendant's illegal discrimination, the Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

## COUNT TWO – DISCRIMINATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

31. The Plaintiff realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

32. At all times pertinent to this Complaint, the Plaintiff was an employee within the meaning of Title VII of the Civil Rights Act of 1964, as amended.

33. At all times pertinent to this Complaint, the Defendant was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended.

34. As described above, during the course of her employment with the Defendant, the Plaintiff was subjected to a sexually charged, harassing, and hostile work environment. Furthermore, the Defendant failed to rectify or otherwise address the sexual harassment and hostile work environment, despite its knowledge of the same.

35. The Defendant's above-described acts and omissions constitute illegal discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

36. As a result of the Defendant's illegal discrimination, the Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

37. The Defendant's above-described violation of Title VII of the Civil Rights Act of 1964, as amended, was done with malice and/or reckless indifference towards the Plaintiff's rights and the injuries she suffered as a result. Therefore, the Defendant is liable to the Plaintiff for punitive damages.

WHEREFORE, the Plaintiff Alexandra P. Pearson requests that this Court:

A. Issue a judgment declaring the Defendant's acts, policies, practices and procedures complained of above violated the Plaintiff's rights as secured by the Montana Human Rights Act and Title VII of the Civil Rights Act of 1964, as amended;

B.    Grant the Plaintiff a permanent injunction enjoining the Defendant and all those acting in concert with it and at its direction from engaging in any employment policy or practice that discriminates against her on the basis of sex;

C.    Order the Defendant to make the Plaintiff whole by providing appropriate back and front pay and reimbursement for lost pension, Social Security, Unemployment Compensation, experience, training opportunities, and other benefits in an amount to be shown at trial, and other affirmative relief including, but not limited to, reinstatement or reconsideration by the Defendants for employment opportunity;

D.    Order the Defendant to compensate the Plaintiff for all actual, consequential, compensatory, general and special damages she has suffered as a result of the Defendant's actions as alleged above;

E.    Retain jurisdiction over this action to assure full compliance with the orders of this Court and with applicable law and require the Defendant to file any reports that the Court deems necessary to evaluate compliance;

F.    Grant the Plaintiff her costs and reasonable attorney's fees incurred herein; and

G.    Such other and further relief as this Court deems just, equitable and proper.

DATED this 3rd day of February, 2023.

TIPP COBURN & ASSSOCIATES PC


*/s/ Torrance L. Coburn*
Torrance L. Coburn
Attorney for Plaintiff

COMPLAINT and DEMAND FOR JURY TRIAL - 7

## DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, by and through counsel of TIPP COBURN & ASSSOCIATES PC, and demand a jury trial on all issues of fact in the above case.

DATED this 3rd day of February, 2023.

                                       TIPP COBURN & ASSSOCIATES PC

                                       */s/ Torrance L. Coburn*
                                       Torrance L. Coburn
                                       Attorney for Plaintiff